1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

MAURICE MAY,

     *Plaintiff,*

vs.

BRIAN E. WILLIAMS, SR., *et al.*

     *Defendants.*

2:10-cv-00576-GMN-LRL

ORDER

This removed prison civil rights action comes before the Court on plaintiff's motion (#10) for relief from order.

In the motion, plaintiff Maurice May seeks partial reconsideration of the recent screening order (#9). In the order, the Court dismissed a number of claims without prejudice for failure to state a claim, with leave to amend to correct the deficiencies if possible. Plaintiff seeks reconsideration only of the dismissal without prejudice of the claim against Defendant Senior Correctional Officer Mikel. He "takes no issue with respect to the remainder of the court's Order."[1]

According to the allegations of the complaint, which are accepted as true for purposes of initial review, on the evening of June 13, 2008, while incarcerated at Southern Desert Correctional Center (SDCC), May activated the emergency call button. The John Doe or Jane Doe officers on post ignored May's emergency call for medical care. May had to bang on the cell door of the unit for several hours before a John Doe officer came to inquire as to what

[1]#10, at 2.

medical emergency May had.  May reported to the officer that he was experiencing severe pain in his groin and stomach area.  He additionally had nausea and was vomiting.  The John Doe officer then called defendant Senior Correctional Officer Mikel and other John Doe or Jane Doe officers.

The complaint alleges only as follows with regard to alleged acts or omissions by Mikel after he was summoned by the John Doe officer:

> . . . Defendant Mikel . . . came and talked to May and called Defendant Daye [the nurse on call].  Defendant Daye made a serious medical diagnosis over the telephone without examining May.
>
> Defendant's Mikel, John Does II-IV, and/or Jane Does II-IV made a medical determination based upon Defendant's [sic] Daye telling them he could do nothing, but give May some ibuprofen's [sic].

#1-2, at 7b-7c.

Petitioner's appendix ruptured later that evening.

The Court held that these allegations failed to state a claim against Mikel, on the following grounds:

> Count I fails to state a claim of deliberate indifference to serious medical needs under the Eighth Amendment against defendant Mikel.  According to the allegations of the complaint, when Mikel was summoned by other officers, he responded, listened to plaintiff's complaints, called the medical provider on staff, and followed the medical provider's instructions.  These circumstances do not establish a violation of the Eight Amendment.  In order to establish a violation, the evidence must establish that the defendant official knows of and disregards an excessive risk to inmate health or safety.  *E.g., Clement*, 298 F.3d at 904.  The official both must be aware of the facts from which the inference (of an excessive risk to inmate health or safety) could be drawn, and he also must draw the inference.  *Id.*  The allegations presented do not support an inference that the correctional officer had any basis for knowing that the nurse's assessment was incorrect.  Mikel sought  advice from the health care provider on duty and followed it.  Such action does not violate the Eighth Amendment.

#9, at 3-4.

In seeking reconsideration, plaintiff contends: (1) that his only basis for asserting what Daye said to Mikel was based upon Mikel's response to an informal grievance and that he

needs discovery to determine what Daye actually said to Mikel; (2) that there is an ongoing state inspector general's office investigation that may shed more light on Mikel's level of culpability in the case, which plaintiff should be allowed to explore in discovery; (3) that the complaint does not allege whether Mikel ever provided the ibuprofen and an informal grievance response reflects that Mikel stated only what he claims that Daye said and that Mikel then left the unit; (4) that May could have received the ibuprofen only if Mikel brought it to him or took him to the infirmary to receive it from Daye, neither of which Mikel did; and (5) that if Mikel had taken May to the infirmary, Daye may have physically examined him and correctly assessed his condition before his appendix ruptured.

With regard to plaintiff's first two contentions, the federal notice pleading standard "does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S.Ct. 1937, 1950, 173 L.Ed.2d 868 (2009). Plaintiff first must state a claim. He may not overcome the failure to state a claim by asserting that he possibly may learn facts supporting a claim through discovery or further investigation.

With regard to plaintiff's remaining contentions, plaintiff needs to allege the facts supporting a claim against Mikel in the complaint. The Supreme Court has expressly rejected a prior pleading standard under which a complaint could not be dismissed for failure to state a claim unless it appeared beyond doubt that the plaintiff could prove no set of facts that would entitle him to relief. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 560-63, 127 S.Ct. 1955, 1968-69, 167 L.Ed.2d 929 (2007). The facts supporting a claim against Mikel must be alleged in the complaint itself. Review for pleading sufficiency does not involve culling through documents attached with a complaint seeking to piece together facts and inferences that possibly might be argued to support a claim. Rather, plaintiff, again, must adequately allege his claims within the complaint. Similarly, the determination of whether the complaint states a claim is made according to the factual allegations made in the complaint itself, not those made in a motion seeking reconsideration. If plaintiff wishes to rely upon the factual assertions made in the motion as supporting a claim against Mikel, he needs to amend the complaint as the Court directed previously. The present allegations are insufficient.

1    The Court reserves consideration of whether an amended complaint alleging the facts

2   in the motion would state a claim against Mikel until an amended complaint actually is filed.

3    IT THEREFORE IS ORDERED that plaintiff's motion (#10) for relief from order is

4   DENIED.

5    IT FURTHER IS ORDERED that plaintiff shall have thirty (30) days from entry of this

6   order to file an amended complaint as per the prior screening order (#9).

7    The Court will screen any such amended complaint before ordering any further action

8   in the case.

9    DATED:  July 12, 2010.

10

11

12    _____

13    GLORIA M. NAVARRO
     United States District Judge

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-4-