# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

MAURICE MAY,

    *Plaintiff,*

vs.

BRIAN E. WILLIAMS, SR.*, et al.,*

    *Defendants*.

2:10-cv-00576-GMN-LRL

SCREENING ORDER

    This removed *pro se* prisoner civil rights action by an inmate in the custody of the Nevada Department of Corrections ("NDOC") comes before the Court for initial review of the amended complaint (#12) under 28 U.S.C. § 1915A and on plaintiff's application (#13) to proceed *in forma pauperis*.

    The pauper application will be denied without prejudice as unnecessary at this juncture given that the filing fee was paid by the removing defendants. Moreover, pursuant to 28 U.S.C. § 1450, the state court's prior order granting pauper status (see attachment to #7) remains in full force and effect unless and until modified by this Court. The Court accordingly turns to initial review of the amended complaint. In this regard, the screening standard and plaintiff's base allegations are summarized in the Court's prior orders (## 9 & 11).

    Following review of the amended complaint, the Court concludes that the pleading sufficiently states a claim for relief, *inter alia*, for deliberate indifference to a serious medical need in violation of the Eighth Amendment against the defendants, including defendant Mikel. Given the prior screening order, the Court reads the pleading as asserting the official capacity claims only for injunctive relief and not for monetary damages. To the extent that plaintiff refers to Fourteenth Amendment due process protections, the Court reads the allegations solely with reference to the incorporation of the Eighth Amendment to apply to the States through the Fourteenth Amendment. Plaintiff has no greater protection under the Due Process Clause in this context than that supplied pursuant to the Eighth Amendment. The allegations

referring to "negligent" medical care further appear to be directed to plaintiff's pendent state law claims rather than to his constitutional claims. A response accordingly will be ordered.

IT THEREFORE IS ORDERED that defendants shall file and serve an answer or other response to the amended complaint within forty-five (45) days of entry of this order.

IT FURTHER IS ORDERED that plaintiff's application (#13) to proceed *in forma pauperis* is DENIED without prejudice as unnecessary at this juncture, as, *inter alia,* plaintiff previously was granted pauper status by the state district court prior to the removal.

IT IS FURTHER ORDERED that henceforth, plaintiff shall serve upon defendants' counsel a copy of every pleading, motion or other paper submitted for consideration by the Court. Plaintiff shall include with the original paper submitted for filing a certificate stating the date that a true and correct copy of the document was mailed to defendants' counsel, directed to the individual attorney named in the most recent notice of appearance, at the address stated therein. The Court may disregard any paper received by a district judge or magistrate judge which has not been filed with the Clerk, and any paper received which fails to include a certificate of service.

DATED this  11th  day of January, 2011.

_____
Gloria M. Navarro
United States District Judge