UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| MAURICE MAY, | ) | Case No.: 2:10-cv-576-GMN-LRL |
| Plaintiff, | ) | **ORDER** |
| vs. | ) | |
| BRIAN E. WILLIAMS, SR., *et al.*, | ) | |
| Defendants. | ) | |

Before the Court is Plaintiff Maurice May's Motion to Stay Summary Judgment Proceedings in Part (ECF No. 23).  Defendants Brian E. Williams, Sr., et al., filed a Response (ECF No. 24).

Plaintiff's motion concerns the sealing and review of Exhibit "F" to Defendants' Motion for Summary Judgment (ECF No. 20) and requests time to conduct discovery prior to opposing said dispositive motion in this action.  Plaintiff is not requesting a stay with respect to Defendants' qualified immunity defense.

Plaintiff does not understand why Exhibit F was filed under seal and requests the Court to order Defendants to give him a copy of the exhibit.  Defendants explain in their Response that Exhibit F was filed under seal because it contains Plaintiff's health care records.  Further Defendants explain that the Nevada Department of Corrections does not allow inmates to keep health care records in their cells for penological interest and for their own safety and privacy.  Finally, Defendants confirm that Plaintiff will not have to meet directly with Defendant Brian E. Williams, Sr. to review the Exhibit F, but will be allowed to review the medical records under the supervision of prison medical staff.  The Court finds that it is appropriate to file Plaintiff's medical files under seal and there is no prejudice to Plaintiff regarding the review of the exhibit under the supervision of prison

medical staff.

Plaintiff also moves the Court to allow discovery before he is required to respond to Defendants' Motion for Summary Judgment. To request a continuance under Federal Rules of Civil Procedure, the opposing party must show what facts he or she hopes to discover that would raise a material issue of fact. *See Terrell v. Brewer*, 935 F.2d 1015, 1017–18 (9th Cir. 1991); Fed. R. Civ. P. 56(d). While Plaintiff believes there exist facts that would help prove his case, he does not object that the issue of qualified immunity can be briefed and ruled on at this juncture.

The threshold qualified immunity question should be resolved before discovery is allowed. *See Siegert v. Gilley*, 500 U.S. 226, 231 (1991). Therefore, Plaintiff's motion must be denied so that the Court may address Defendants' qualified immunity defense. Plaintiff is also directed to address the other issues raised by Defendants' Motion for Summary Judgment; however, the Court will consider that discovery has not yet taken place with regard to other issues raised.

**IT IS HEREBY ORDERED** that Plaintiff Maurice May's Motion for Stay (ECF No. 23) is **DENIED**.

Plaintiff is ORDERED to respond to Defendants' Motion for Summary Judgment (ECF No. 20) by **May 16, 2011**.

DATED this 27th day of April, 2011.

_____
Gloria M. Navarro
United States District Judge